STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SAPNA MEHTA (CABN 288238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-6748
    sapna.mehta@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, et al., | Case No. 3:22-cv-04368-LB |
|     Plaintiffs, | **ANSWER TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |
|   v. | |
| LOUIS DEJOY, Postmaster General of the United States,[1] | |
|     Defendant. | |

Defendant Louis DeJoy, Postmaster General of the United States ("Defendant") hereby answers the Complaint (Dkt. No. 1) ("Complaint") of Sierra Club and Elders Climate Action (collectively, "Plaintiffs") as follows:

**INTRODUCTION**[2]

---

[1] Plaintiffs' Complaint caption names Louis DeJoy, Postmaster General of the United States, as the Defendant in this action. In the body of the Complaint, however, Plaintiffs' allegations refer to the United States Postal Service ("USPS") as the Defendant in this case. *See, e.g.*, Complaint ¶ 8. In its response to the Complaint, Defendant thus construes "Defendant" to mean USPS. *See Drake v. Obama*, 664 F.3d 774, 786 (9th Cir. 2011) (quoting *Batton v. Evers*, 598 F.3d 169, 173 n. 1 (5th Cir. 2010)) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency.").

[2] The headings and numbered paragraphs of this Answer correspond to the headings and numbered

1. The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of this action brought pursuant to the Freedom of Information Act ("FOIA") and of the subject matter of their FOIA request to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiffs purport to bring this action under the FOIA, 5 U.S.C. § 552, *et seq.*, and respectfully refers the Court to Plaintiffs' FOIA request for a full and accurate statement of its contents. Defendant denies any remaining allegations contained in Paragraph 1 and specifically denies that it violated the FOIA.

2. The allegations contained in Paragraph 2 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

3. The allegations contained in Paragraph 3 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

4. The allegations contained in Paragraph 4 consist of Plaintiffs' characterization of this action and their requests for relief to which no response is required. To the extent that a response is deemed required, Defendant denies any factual allegations contained in Paragraph 4 and specifically denies that Plaintiffs are entitled to any relief.

**JURISDICTION AND VENUE**

5. The allegations contained in Paragraph 5 consist of legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the limitations of the FOIA.

6. The allegations contained in Paragraph 6 consist of legal conclusions regarding venue to which no response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph

---

paragraphs of Plaintiffs' Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated.

6, and on that basis denies them.

## INTRADISTRICT ASSIGNMENT

7. The allegations contained in Paragraph 7 consist of legal conclusions regarding intradistrict assignment to which no response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and on that basis denies them.

## PARTIES

8. The allegations contained in Paragraph 8 consist of legal conclusions to which no response is required. To the extent that a response is deemed require, Defendant admits that USPS is an independent establishment within the Executive Branch of the United States government and is subject to FOIA.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and on that basis denies them.

10. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and on that basis denies them.

11. The allegations contained in Paragraph 11 consist of Plaintiffs' characterization of this action and their requests for relief to which no response is required. To the extent that a response is deemed required, Defendant denies any factual allegations contained in Paragraph 11 and specifically denies that Plaintiffs or its members have been injured by Defendant's actions or are entitled to any relief.

## STATUTORY BACKGROUND

12. The allegations contained in Paragraph 12 consist of legal conclusions and Plaintiffs' characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

13. The allegations contained in Paragraph 13 consist of legal conclusions and Plaintiffs' characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

14. The allegations contained in Paragraph 14 consist of legal conclusions and Plaintiffs'

characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

15. The allegations contained in Paragraph 15 consist of legal conclusions and Plaintiffs' characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

16. The allegations contained in Paragraph 16 consist of legal conclusions and Plaintiffs' characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

17. The allegations contained in Paragraph 17 consist of legal conclusions and Plaintiffs' characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

18. The allegations contained in Paragraph 18 consist of legal conclusions and Plaintiffs' characterizations of the FOIA to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents.

## STATEMENT OF FACTS

### The Oshkosh Contract

19. The allegations contained in Paragraph 19 consist of Plaintiffs' characterization of information from a publicly available USPS news release, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the release for a full and accurate statement of its contents.

20. The allegations contained in the first sentence of Paragraph 20 consist of Plaintiffs' characterization of information from publicly available Congressional testimony, and do not set forth a

claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the testimony for a full and accurate statement of its contents. The allegations contained in the second sentence of Paragraph 20 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

21. The allegations contained in Paragraph 21 consist of Plaintiffs' characterization of information from a public notice in the Federal Register, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the notice for a full and accurate statement of its contents.

22. The allegations contained in Paragraph 22 consist of Plaintiffs' characterization of USPS's statutory obligations and of information from a public notice in the Federal Register, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the cited statute and referenced notice for a full and accurate statement of their contents.

23. The allegations contained in Paragraph 23 consist of Plaintiffs' characterization of information from a publicly available USPS news release, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the release for a full and accurate statement of its contents.

24. The allegations contained in Paragraph 24 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

**Sierra Club and ECA's FOIA Request**

25. Defendant admits that Plaintiffs submitted a FOIA request to USPS dated April 19, 2021

in which they listed 11 categories of documents with subparts, and that Plaintiffs purport to attach as Exhibit A to their Complaint a copy of that request. The remaining allegations contained in Paragraph 25 consist of Plaintiffs' characterizations of their FOIA request to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

26. Defendant admits that it acknowledged receipt of the FOIA request on April 19, 2021 and that it assigned Plaintiffs' request tracking number 2021-FRPO-01780.

27. The allegations contained in Paragraph 27 consist of Plaintiffs' characterization of information from a public notice in the Federal Register, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the notice for a full and accurate statement of its contents.

28. Defendant admits that it has released records to Plaintiffs, in response to sections 1, 2, 3(a), 3(b), 4, 6, and 10 their FOIA request, since June 8, 2021. Defendant further admits that as of the filing of the Complaint, it had not released records responsive to sections 3(c), 5, 7, 8, 9, and 11 of Plaintiffs' FOIA request. Defendant denies the remaining allegations contained in Paragraph 28.

29. Defendant admits that an individual sent an email to Defendant on March 4, 2022 on behalf of the Sierra Club about sections 3(c), 5, 7, 8, 9, and 11 of Plaintiffs' FOIA request, and that Plaintiffs purport to attach as Exhibit B to their Complaint a copy of that correspondence. Defendant further admits that Defendant responded to that email on March 10, 2022 to inform Sierra Club as to the status of sections 3(c), 5, 7, 8, 9, and 11 of Plaintiffs' FOIA request, and that Plaintiffs purport to attach as Exhibit C to their Complaint a copy of that correspondence. Defendant admits that counsel for Sierra Club sent emails to Defendant on May 11, 2022 about Plaintiffs' FOIA request, which Plaintiffs purport to attach as Exhibit D to their Complaint a copy of that correspondence. The remaining allegations contained in Paragraph 29 consist of Plaintiffs' characterizations of these correspondence. Defendant respectfully refers the Court to the referenced correspondence for a full and accurate statement of its contents.

**USPS's Partial Response Dated June 8, 2021**

30. Defendant admits that it provided Plaintiffs a response to sections 1 and 2 of Plaintiffs' FOIA request on June 8, 2021, and that Plaintiffs purport to attach as Exhibit E to their Complaint a copy of USPS's letter accompanying that response. The remaining allegations contained in Paragraph 30 consist of Plaintiffs' characterizations of their FOIA request. Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

31. Defendant admits that its June 8, 2021 letter explained that certain requested materials were exempt from release under FOIA, including 329 pages of the Next Generation Delivery Vehicles (NGDV) Request for Proposal under Solicitation No. 3D-20-A-0031 and 471 pages of Contract No. 3DVPRT-21-B-0002 awarded to Oshkosh Defense, LLC under the NGDV Solicitation No. 3D-20-A-0031. Defendant further admits that its June 8, 2021 letter explained that proposals from unsuccessful offerors were exempt and that "the technical and business proposal of the successful offeror will be forthcoming at a later date." The remaining allegations contained in Paragraph 31 consist of Plaintiffs' characterizations of Defendant's June 8, 2021 response to their FOIA request. Defendant respectfully refers the Court to Defendant's June 8, 2021 response for a full and accurate statement of its contents.

32. Defendant admits that its responses prior to August 26, 2021 did not cover each of the categories listed in Plaintiffs' FOIA request. The remaining allegations contained in Paragraph 32 consist of Plaintiffs' characterizations of their FOIA request and Defendant's response. Defendant respectfully refers the Court to Plaintiffs' FOIA request and Defendant's responses for a full and accurate statement of their contents.

**Sierra Club and ECA's First Administrative Appeal**

33. Defendant admits that Plaintiffs filed an administrative appeal of Defendant's June 8, 2021 response, and that Plaintiffs purport to attach as Exhibit F to their Complaint a copy of their letter appealing the response. Defendant further admits that it acknowledged receipt of the administrative appeal on September 8, 2021 and assigned it appeal number 2021-APP-00183. The remaining allegations contained in Paragraph 33 consist of Plaintiffs' characterizations of their appeal. Defendant respectfully refers the Court to Plaintiffs' appeal for a full and accurate statement of its contents.

34. Defendant admits that on October 15, 2021, USPS Office of the General Counsel issued an Opinion and Order partially remanding the agency's June 8, 2021 response to Plaintiffs' FOIA request

so that certain redactions could be corrected. Defendant further admits that USPS assigned the partially remanded FOIA request tracking number 2022-FPRO-00127, and that Plaintiffs purport to attach as Exhibit G to their Complaint a copy of a November 16, 2021 letter from USPS regarding the partially remanded FOIA request. Defendant admits that it responded to the partially remanded FOIA request on February 10, 2022, that Plaintiffs purport to attach as Exhibit H to their Complaint a copy of USPS's letter accompanying that response, and that Plaintiffs did not administratively appeal Defendant's February 10, 2022 response. The remaining allegations contained in Paragraph 34 consist of Plaintiffs' characterizations of their appeal, the decision on their appeal, and Defendant's response in the partially remanded FOIA request. Defendant respectfully refers the Court to USPS's decision for a full and accurate statement of its contents.

### USPS's February 11, 2022 Response

35. Defendant admits that it provided Plaintiffs a response to a subcategory of section 1 of Plaintiffs' FOIA request on February 11, 2022, and that Plaintiffs purport to attach as Exhibit I to their Complaint a copy of USPS's response letter. The remaining allegations contained in Paragraph 35 consist of Plaintiffs' characterizations of their FOIA request and Defendant's February 11, 2022 response. Defendant respectfully refers the Court to the FOIA request and Defendant's February 11, 2022 response for a full and accurate statement of their contents.

### Sierra Club's Second Administrative Appeal

36. Defendant admits that Plaintiffs filed an administrative appeal of Defendant's February 11, 2022 response, and that Plaintiffs purport to attach as Exhibit J to their Complaint a copy of their letter appealing the response. Defendant further admits that it acknowledged receipt of the administrative appeal on May 12, 2022 and assigned it appeal number 2022-APP-00118. The remaining allegations contained in Paragraph 36 consist of Plaintiffs' characterizations of their appeal. Defendant respectfully refers the Court to Plaintiffs' appeal for a full and accurate statement of its contents.

37. Defendant admits that on May 20, 2022, USPS Office of the General Counsel issued an Opinion and Order in Plaintiffs' appeal No. 2022-APP-00118 fully affirming the agency's February 11, 2022 response withholding the successful offeror's proposal, and that Plaintiffs purport to attach as Exhibit K to their Complaint a copy of the decision.

**USPS's Supplemental EIS**

38. The allegations contained in Paragraph 38 consist of Plaintiffs' characterization of information from public notices in the Federal Register, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the notices for a full and accurate statement of their contents.

39. The allegations contained in Paragraph 39 consist of Plaintiffs' characterization of information from a public notice in the Federal Register, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the notice for a full and accurate statement of its contents.

40. The allegations contained in Paragraph 40 consist of Plaintiffs' characterization of information from a public notice in the Federal Register and from a publicly available USPS news release, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the notice and release for a full and accurate statement of their contents.

41. The allegations contained in Paragraph 41 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

42. The allegations contained in Paragraph 42 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

43. The allegations contained in Paragraph 43 consist of Plaintiffs' opinions and generalizations and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations, and on that basis denies them.

**FIRST CAUSE OF ACTION**

44. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 43 above as though fully set forth herein.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

## SECOND CAUSE OF ACTION

48. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 47 above as though fully set forth herein

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

## THIRD CAUSE OF ACTION

53. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 52 above as though fully set forth herein.

54. The allegations contained in Paragraph 54 consist of Plaintiffs' characterization of Defendant's obligations under the FOIA and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its requirements.

55. Defendant denies the allegations contained in Paragraph 55.

56. The allegations contained in Paragraph 56 consist of legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies them.

57. Defendant denies the allegations contained in Paragraph 57.

## FOURTH CAUSE OF ACTION

58. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 57 above as though fully set forth herein.

59. The allegations contained in Paragraph 59 consist of Plaintiffs' characterization of Defendant's obligations under the FOIA and do not set forth a claim for relief or aver facts in support of

a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its requirements.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. The allegations contained in Paragraph 62 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies them.

63. Defendant denies the allegations contained in Paragraph 63.

### FIFTH CAUSE OF ACTION

64. Defendant repeats and incorporates by reference its responses to Paragraph 1 through 63 above as though fully set forth herein.

65. The allegations contained in Paragraph 65 consist of Plaintiffs' characterization of Defendant's obligations under the FOIA and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the statute for a full and accurate statement of its requirements.

66. Defendant denies the allegations contained in Paragraph 66. To the extent Plaintiffs incorporate by reference the allegations contained in Exhibits F and J to their Complaint, Defendant denies them.

67. The allegations contained in Paragraph 67 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies them.

68. Defendant denies the allegations contained in Paragraph 68.

### PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of their prayer for relief to which no response is required. To the extent Plaintiffs' prayer for relief is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiffs are entitled to any relief.

### GENERAL DENIAL

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation contained in Plaintiffs' Complaint.

### AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over some or all of the claims alleged or relief requested.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' request is not a proper request for documents under the FOIA. Plaintiffs' request does not, for example, reasonably describe the records sought, and therefore does not comply with the FOIA and/or does not trigger a search of production obligation. Plaintiffs' FOIA request is also not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have not alleged sufficient factual and/or legal bases for its request for costs and/or attorneys' fees.

**FIFTH AFFIRMATIVE DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, pursuant to authority, and under exceptional circumstances that necessitate additional time for Defendant to process Plaintiffs' FOIA Request.

**SIXTH AFFIRMATIVE DEFENSE**

The FOIA does not authorize the injunctive or declaratory relief requested.

**SEVENTH AFFIRMATIVE DEFENSE**

The request that is the subject of this lawsuit may implicate certain information that is exempt or protected from disclosure, in whole or in part, by one or more statutory exemptions. Disclosure of such information is not required or permitted.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has conducted adequate searches in response to the underlying requests under the FOIA or otherwise is in the process of completing its searches for and releases of any non-exempt, responsive records, or segregable portions thereof.

### NINTH AFFIRMATIVE DEFENSE

Defendant has partially or fully released documents responsive to Plaintiffs' requests.

### TENTH AFFIRMATIVE DEFENSE

Relief afforded, if any, is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

Defendant reserves the right to amend its Answer to assert additional defenses in the event other developments indicate it would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that:

(1) Plaintiffs take nothing by their Complaint and are granted no relief;

(2) The Complaint be dismissed with prejudice;

(3) Judgment be entered in favor of Defendant;

(4) Defendant be awarded its costs; and

(5) the Court grant such further relief as it may deem proper.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

Dated: October 26, 2022      By:    /s/ *Sapna Mehta*
SAPNA MEHTA
Assistant United States Attorney
Attorney for Defendant